**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF  DIVISION**

**SAMUEL L. HENDERSON**
**ADC #120748**                                                              **PETITIONER**

**VS.**                         **NO.  5:07-CV-00093-JMM-BD**

**RAY HOBBS, Director,**
**Arkansas Dept. of Correction**                                            **RESPONDENT**

<u>**RECOMMENDED DISPOSITION**</u>

**I**.        <u>**Procedure for Filing Objections:**</u>

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge James M. Moody.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   **Background**:

Petitioner Samuel Henderson was convicted by a jury of first degree murder on

May 25, 2001.  Mr. Henderson appealed his conviction to the Arkansas Supreme Court,

which affirmed.  *Henderson v. State*, 349 Ark. 701, 710, 714, 80 S.W.3d 374 (July 5,

2002).  The mandate from the Arkansas Supreme Court was issued on July 24, 2002.

Mr. Henderson did not file a petition for post-conviction relief with the trial court

under Ark. R. Crim. P. 37.1 until March 29, 2005.  (#33-1)  In an order dated March 31,

2005, the trial court denied the petition without a hearing because it was untimely under

Arkansas Rule of Criminal Procedure 37.2(c).  (#33-2)

On May 7, 2007, Mr. Henderson filed this federal petition for writ of habeas

corpus under 28 U.S.C. § 2254 (docket entry #1), challenging his state court conviction.

In response, Ray Hobbs, Director of the Arkansas Department of Correct, moved to

dismiss the petition, arguing that the petition was barred by the statute of limitations.

(#15)  Before the Court could rule on the motion, Mr. Henderson filed a motion to

voluntarily dismiss his petition without prejudice so that he could exhaust his state

remedies.  (#20)  The Court granted Mr. Henderson's motion and denied the

Respondent's motion to dismiss as moot.  (#21)

Mr. Henderson then filed a second petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.  The state trial court dismissed the petition as untimely in an order filed on January 11, 2008.  (#33-3)

On October 5, 2010, Mr. Henderson filed a motion for leave to file a successive habeas corpus petition in the United States Court of Appeals for the Eighth Circuit.  The Court noted that Mr. Henderson's first petition had been dismissed without prejudice and denied his motion as unnecessary.  (#23)

On May 24, 2012, Mr. Henderson filed a motion to reopen this case which the Court granted.  (#26, #28)  Mr. Henderson subsequently moved to supplement his petition.  (#29)  The Court granted the motion to supplement and ordered the Clerk of Court to file the supplement and serve it on Director Hobbs.  (#30)

Respondent Hobbs has now moved to dismiss the petition (#32).  For the reasons explained below, the Court recommends that the Motion to Dismiss (#32) be granted, and that Mr. Henderson's Petition for Writ of Habeas Corpus and supplement (#1, #31) be dismissed with prejudice.[1]

### III.   The Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The statute provides that the limitation period begins to run from, "the date on which the judgment became final by

---

[1]Despite being given additional time to respond to the motion to dismiss, Mr. Henderson has not, as of the date of this recommendation, filed a response.

the conclusion of direct review or the expiration of the time limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The Arkansas Supreme Court affirmed Mr. Henderson's conviction on July 5, 2002.  Under Rule 13.1 of the Rules of the United States Supreme Court, Mr. Henderson would have had ninety days (until October 3, 2002) to file a petition for certiorari with the United States Supreme Court.  He did not file such a petition.

Thus, the limitations period began to run on October 4, 2002.  *Clay v. U.S.*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003)(holding that a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).  And the one-year limitations period expired on October 3, 2003.  Mr. Henderson did not file his original petition until over three years later, on May 7, 2007.  Accordingly, Mr. Henderson's claims are barred unless the statute of limitations can be tolled.

    A.    *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  This provision does not apply to Mr. Henderson's case, however, because state court post-conviction applications filed after the statute of limitations has passed do not qualify for statutory tolling.  See *Cross-Bey*, 322 F.3d at 1014.  In this case, all of the state court petitions Mr. Henderson filed that could possibly

have tolled the statute of limitations were filed years after the statute of limitations

expired on October 3, 2003.  See *Jackson v. Ault*, 452 F.3d 734, 736-36 (8th Cir. 2006)

(statute of limitations not tolled during pendency of state proceeding brought after

limitations period had expired).

Moreover, a state post-conviction application is deemed properly filed only when

its delivery and acceptance are in compliance with the applicable laws and rules

governing filings, including the form of the document, the time limits for its delivery, the

court and office in which it must be lodged, and the satisfying of the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000).  The statute of limitations was

not tolled when Mr. Henderson filed his first Rule 37 petition with the trial court, because

it was untimely.  A petition for Rule 37 post-conviction relief that is not filed timely

(within 60 days of the mandate being issued) is not a "properly filed application for state

post-conviction or other collateral review," and, consequently, 28 U.S.C.

§ 2244(d)(2)'s tolling provision does not apply.  *Pace v. DiGuglielmo*, 544 U.S. 408, 410-

417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); *Lewis v. Norris*, 454

F.3d 778, 781 (8th Cir. 2006).  Accordingly, Mr. Henderson's claims are barred unless he

is entitled to equitable tolling.

      B.    *Equitable Tolling*

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable

tolling in appropriate cases.  *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560

(2010).   However, a petitioner is entitled to equitable tolling only if he shows that he has

pursued his rights diligently and that some extraordinary circumstance stood in his way, thus preventing a timely filing. *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Henderson did not file his federal habeas petition until over three years after the statute of limitations had run. In *Pace*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after the judgment of conviction became final to file his petition. *Pace*, 544 U.S. at 419.

In *Nelson*, the Eighth Circuit held that a nine-month delay in filing a habeas petition after the Arkansas Supreme Court had denied rehearing was not diligent. *Nelson*, 618 F.3d at 893. Mr. Henderson has not been diligent in pursuing his rights.

Mr. Henderson argues there are several grounds for equitable tolling. First, he claims that the statute of limitations should be tolled because he did not receive notification of the Arkansas Supreme Court's decision affirming his conviction until June, 2006. (#1 at p. 43) The Eighth Circuit addressed a similar argument in *Maghee v. Ault*, 410 F.3d 473, 477 (8th Cir. 2005). In *Maghee*, the petitioner argued for statutory tolling because he did not receive a dismissal notice and because he continued, under the wrong number, to file pleadings and motions. There the Court noted that equitable tolling is an "exceedingly narrow window of relief," and held that a delay in receiving a dismissal notice, mistakes by the court clerk, and the prosecutor's use of the wrong case number did not warrant equitable tolling because the petitioner was expected to diligently pursue his own post-conviction case. *Maghee v. Ault*, 410 F.3d 473, 477 (8th Cir. 2005);

see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings held inadequate to warrant equitable tolling); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851 (8th Cir. 2003) (no equitable tolling where petitioner did not check on the status of his pending state-court complaint or file timely concurrent federal habeas corpus petition).

Second, Mr. Henderson argues that the statute of limitations should be tolled because the Arkansas Supreme Court violated its appeal procedure by not reviewing all of the trial court rulings that were adverse to him.[2] (#1 at pp. 44-45)  Again, tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction.  The Arkansas Supreme Court's alleged failure to consider all rulings adverse to Mr. Henderson in the direct appeal of his conviction is not conduct that should have lulled Mr. Henderson into complacency.  The Arkansas Supreme Court's decision could have been reviewed by the United States Supreme Court or by this Court on a timely filed habeas petition.  However, Mr. Henderson did not file a petition for certiorari with the United States Supreme Court or, as explained above, a timely habeas

---

[2]The Court notes that in the final paragraph of its opinion, the Arkansas Supreme Court stated: "[I]n accordance with Rule 4-3(h) of the Arkansas Supreme Court Rules, the record has been reviewed for adverse rulings objected to by Appellant but not argued on appeal, and no reversible errors were found."

petition.  Accordingly, Mr. Henderson's dissatisfaction with the Arkansas Supreme Court's decision cannot toll the statute of limitations.

Mr. Henderson also argues that the statute of limitations should be tolled because his appellate counsel was ineffective.  (#1 at p. 45)  "Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard."  *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)).  The Eighth Circuit Court has acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner is claiming gross negligence of counsel retained to file the habeas petition.  *Id*.

In this case, Mr. Henderson has been aware of the alleged ineffective assistance of appellate counsel claims since his appellate brief was filed in June, 2002.  Yet, he waited years – until March 29, 2005 – without any valid justification, to assert an ineffective assistance of counsel claim in his Rule 31 petition.  Further, he waited until May 7, 2007, to first assert a claim in this habeas petition; then he waited over two years after the Arkansas Supreme Court dismissed his post-conviction appeal to seek authorization from the Eighth Circuit to file a successive petition.

Even after the Eighth Circuit ruled, Mr. Henderson waited an additional sixteen months to move to re-open this case.  His lack of diligence in pursuing his claims at every stage of the process precludes equitable tolling.  *Pace v. Diguglielmo*, 544 U.S. 408, 419,

125 S.Ct. 1807, 1815 (2005) (petitioner's failure to diligently pursue his ineffective assistance of counsel claims, precluded the application of equitable tolling).

In the supplement to his petition, Mr. Henderson points to *Martinez v. Ryan*, 182 S.Ct. 1309 (2012), as support for his argument for equitable tolling.  (#31)  Unfortunately for Mr. Henderson, the *Martinez* case is not applicable.

In *Martinez*, the Supreme Court narrowly held that ineffective assistance of trial counsel at the initial review collateral proceedings stage may establish cause to excuse a prisoner's procedural default of a claim of ineffective assistance at trial.  *Id*. at 1318.  The *Martinez* Court did not create, however, a new ground for equitable tolling of the statute of limitations.  *Id*. at 1319.

The Court has carefully reviewed Mr. Henderson's submissions and has liberally construed the pleadings.  There is nothing in the record, however, to justify tolling the limitations period.  Accordingly, the Court recommends that the petition be dismissed with prejudice.

**IV.**   **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Henderson has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Henderson has not provided any basis for

issuance of a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

**V.**     **Conclusion:**

Mr. Henderson's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Mr. Hobbs's Motion to Dismiss (#32) be GRANTED, and Samuel L. Henderson's Petition for Writ of Habeas Corpus and Supplement (#1, #31) be DISMISSED, with prejudice.

DATED this 29th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE